IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTY JOSEPH MARTINEZ,

    Plaintiff,

    v.                                                                                                       No. 17-CV-00034-WJ-CG

CHRISTINA ARGYRES, JULIE
GALLARDO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Marty Joseph Martinez's Complaint for Violation of Civil Rights (Prisoner Complaint) [Doc. 1], filed on January 12, 2017. Also before the Court is a letter from Plaintiff docketed on February 2, 2017, in which Plaintiff requests permission to "amend [his] case by add[ing] the Healthcare provider Centurion L.L.C" and "Dr. Bailey" as defendants. [Doc. 5] Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion to amend the complaint will be denied as moot, Plaintiff's claims under 42 U.S.C. § 1983 will be dismissed, and Plaintiff will be granted thirty (30) days from the date of entry of this order to file an amended complaint.

**I.    BACKGROUND**

On January 12, 2017, Plaintiff filed a Complaint For Violation of Civil Rights (Prisoner Complaint) against Defendant Christina Argyres, the judge who presided over his criminal case in the Second Judicial District of the State of New Mexico, and Julie Gallardo, the Assistant District Attorney who prosecuted Plaintiff's criminal case. [Doc. 1] Plaintiff alleges that

Defendants Argyres and Gallardo violated his constitutional right to be free from double jeopardy by "giving two sentences for the same crime." [Doc. 1 at 4] Specifically, Plaintiff alleges that the imposition of a two-year term of parole, after the service of a three-year sentence of incarceration, "exceed[s] the maximum sentence" in violation of the double jeopardy clause. [Doc. 1 at 5] As a result of the constitutional violation, Plaintiff alleges that he has lost wages and incurred emotional suffering and anguish. [Doc. 1 at 5] In his request for relief, Plaintiff asks the Court to "terminate [his] sentence" and order his "immediate release." [Doc. 1 at 5]

On February 2, 2017, Plaintiff filed a letter, which was docketed as a motion to amend the complaint. [Doc. 5] In his letter, Plaintiff seeks to amend his complaint to add claims against Centurion L.L.C. and Dr. Bailey for the alleged violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. [Doc. 5] Specifically, Plaintiff alleges that Centurion L.L.C. and Dr. Bailey deprived him of adequate medical care and that this deprivation constitutes cruel and unusual punishment "in violation of both constitutional and civil rights." [Doc. 5]

**II.  DISCUSSION**

The Court first will address Plaintiff's motion to amend the complaint and then will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

A.  *Plaintiff's Motion to Amend Will Be Denied As Moot*

Plaintiff seeks to amend his complaint to add civil rights claims against Centurion L.L.C. and Dr. Bailey for the alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment. [Doc. 5] Federal Rule 15(a)(1) governs the amendment of pleadings and it provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days of serving it" or within "21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Plaintiff's civil rights complaint has not yet been served and neither a responsive pleading nor a motion under Rule 12(b), (e), or (f) has been filed. Accordingly, Plaintiff has the right under Rule 15(a)(1) to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff's motion to amend the complaint will be denied as moot.

Plaintiff did not attach a proposed amended complaint to his motion to amend the complaint. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion amend."). It appears that Plaintiff intended the factual allegations in his motion to amend to be treated as an amendment to the complaint. Therefore, the Court will direct the Clerk of the Court to add Centurion, L.L.C. and Dr. Bailey to the caption as Defendants in this case.

Ordinarily, the filing an amended complaint supersedes the original complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotation marks and citation omitted). In this case, however, it appears that Plaintiff intended to augment his original complaint by adding additional constitutional claims against additional defendants. Mindful of the Court's obligation to construe pro se pleadings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will construe Plaintiff's original and amended complaints [Docs. 1, 5] collectively as the operative pleading.

B.      *The Court Declines To Recharacterize This Civil Rights Action As a Habeas Proceeding*

As a preliminary matter, the Court must determine the proper characterization of Plaintiff's pro se civil rights complaint, as amended. "Federal law opens two main avenues to

relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1981, Rev. Stat. § 1979, as amended, 42 U.S.C. 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, when a prisoner "is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody," a civil rights action under 42 U.S.C. § 1983 is the "proper remedy." *Id.* at 499; *see Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.") (citation omitted).

Plaintiff's complaint, as amended, seeks immediate release from state custody *and* makes a constitutional challenge to the conditions of his prison life. "A single complaint may seek relief partly under § 2254 and partly under § 1983." *Richards v. Bellmon*, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991). Furthermore, this Court has the discretion to recharacterize Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (recognizing that federal courts may recharacterize pro se pleadings "to avoid an unnecessary dismissal" or to "create better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). "But recharacterization involves potential consequences with respect to any § 2254 claim [a petitioner] may file in the future" because "AEDPA places strict limitations

4

on second or successive claims." *Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (internal quotation marks and citation omitted); *see* 28 U.S.C. § 2244(b).

The Court declines to recharacterize Plaintiff's civil rights complaint as a § 2254 petition. First, recharacterization of Plaintiff's pro se pleading has potential adverse consequences to any § 2254 claim that Plaintiff may file in the future. *Cf. United States v. Lowe*, 6 F. App'x 832, 836 (10th Cir. 2001) ("We have generally disfavored the recharacterization of non-§ 2255 motions filed by prisoners as § 2255 motions, even where the prisoner may be entitled to relief under § 2255 but is clearly not entitled to relief under whatever cause of action he has asserted, because of the concern that such recharacterization might inadvertently result in a waiver of the prisoner's other claims for habeas relief.") (unpublished). Second, and more importantly, the state court docket reflects that a § 2254 petition likely would be barred by the 1-year limitation period in § 2244(d)(1) and that Plaintiff has failed to exhaust his state court remedies as required by § 2254(b)(1)(A).[1] *See* 28 U.S.C. § 2244(d)(1) (requiring a § 2254 petition to be filed within 1 year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State"); *see also State of New Mexico v. Martinez*, D-202-CR-201305597 (indicating that judgment was entered on Defendant's state conviction and sentence on November 24, 2015 and that no appeal or state habeas corpus petition was filed) (available at https://caselookup.nmcourts.gov/caselookup/app); NMRA 12-201(A)(1)(b) (requiring an appeal

---

[1] *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (taking judicial notice of the state district court docket sheet in a related mandamus proceeding) (unpublished).

to be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office").

C.      *Plaintiff's Civil Rights Complaint, As Amended, Will Be Dismissed Without Prejudice*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's request for the termination of his state court sentence and for immediate release from state custody is not cognizable in this § 1983 proceeding. As previously explained, "a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' . . . and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement . . . ." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 482, 489). State prisoners must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. Therefore, Plaintiff's request for the termination of his state sentence and for immediate release from state custody will be dismissed without prejudice to Plaintiff's right to seek such relief via a petition for writ of habeas corpus.

Plaintiff seeks relief under § 1983 against Defendants Argyres and Gallardo for the alleged imposition of an unconstitutional sentence. "It is well-settled that judges have absolute immunity from liability . . . for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Similarly, prosecutors are absolutely immune from liability for "initiating a prosecution and presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims against Defendants Argyres and Gallardo are predicated on their judicial and prosecutorial acts, respectively, and therefore, these claims will be dismissed as frivolous under § 1915(e)(2)(B)(i) and 1915A(B).

The Court concludes that it would be futile to permit Plaintiff an opportunity to amend his § 1983 claims against Defendants Argyres and Gallardo, because these claims are barred by the *Heck* doctrine. In *Heck*, the United States Supreme Court held that a § 1983 plaintiff alleging

an "unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* doctrine to claims for declaratory relief). Plaintiff's § 1983 claims against Defendants Argyres and Gallardo necessarily imply the invalidity of his state sentence, but Plaintiff's state sentence has not been overturned, expunged, or called into question. *See State of New Mexico v. Martinez*, D-202-CR-201305597 (available at https://caselookup.nmcourts.gov/caselookup/app); *see also* foonote 1, *supra*. Therefore, Plaintiff's § 1983 claims against Defendants Argyres and Gallardo will be dismissed with prejudice.

Plaintiff alleges that Defendant Centurion L.L.C. violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution because it "denied [him] . . . adequate medical care." [Doc. 5] A private entity acting under color of state law "cannot be held liable *solely* because it employs a tortfeasor—or in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). Rather, to be liable under § 1983 the private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted). Plaintiff's amended complaint fails to allege that Centurion L.L.C. had an official policy or custom that caused the alleged Eighth Amendment violation and, therefore, Plaintiff's § 1983

claims against Centurion L.L.C. will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b).

Plaintiff further alleges that Defendant Bailey violated his Eighth Amendment right to be free from cruel and unusual punishment because he "failed to inform [him] of results of blood being drawn." [Doc. 5] It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). "Deliberate indifference has both an objective and subjective component." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). To satisfy the objective component, the plaintiff must identify a medical need that is "sufficiently serious." *Id.* "[A] medical need is sufficiently serious 'if it has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). To satisfy the subjective component, the plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847)).

Plaintiff's amended complaint fails to identify a medical need, much less a medical need that is sufficiently serious to implicate the Eighth Amendment. For example, Plaintiff fails to allege that he suffered undue pain and suffering, a delay in medical treatment for a medical condition, or any other adverse effects as a consequence of Defendant Bailey's alleged failure to inform him of the results of his blood draw. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

9

those needs are 'serious.'"). Additionally, Plaintiff's amended complaint fails to allege any facts indicating that Defendant Bailey acted with the requisite mental state (i.e., deliberate indifference) when he failed to inform Plaintiff of the results of his blood draw. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). For example, Plaintiff's amended complaint fails to allege that there was a serious risk to Plaintiff's health or safety, that Defendant Bailey was aware of this serious risk, and that Defendant Bailey deliberately disregarded this serious risk. Therefore, Plaintiff's 1983 claims against Defendant Bailey will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b).

Plaintiff may be able to cure the deficiencies in his § 1983 claims against Defendants Centurion L.L.C. and Bailey with additional factual allegations and, therefore, the Court will grant Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). This is because "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Specifically, Plaintiff's amended complaint "must explain what each defendant did to

him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure timely to file an amended complaint that states a claim on which relief may be granted may result in the dismissal of this action without further notice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to amend the complaint [Doc. 5] is DENIED as moot; and the Clerk of the Court is directed to add Centurion L.L.C. and Dr. Bailey to the caption as defendants;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants Argyres and Gallardo are DISMISSED with prejudice; and Defendants Argyres and Gallardo are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants Centurion L.L.C. and Bailey are DISMISSED without prejudice; and Plaintiff is granted thirty (30) days from the date of this Memorandum Opinion and Order in which to file an amended complaint;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE